## BRAY *v.* BYNUM.

*An appeal from a judgment rendered against a married woman, taken by her without the au-
thorization of her husband or of the court, must be dismissed   C P. 106, 107, 118. And
where it does not appear that she was authorized by either to defend the suit in the court
below, and judgment was rendered against her by default, an averment in the petition for
an appeal that the petitioner is acting with the assistance of her husband, is not sufficient;
nor will an affidavit by her attorney at law that the husband had authorized the appeal, be
enough.*

APPEAL by the defendant, a married woman, from a judgment of the Dis-
trict Court of Rapides, *Boyce*, J. *Hyman*, for the plaintiff. *Waters*,
for the appellant. The judgment of the court was pronounced by

KING, J. A motion has been made to dismiss this appeal, on the ground that
it has been taken by appellant, who is a married woman, without the authorisa-
of her husband. It does not appear that the appellant was authorised, either
by her husband, or by the judge, to defend the suit in the court below. She
made no appearance, and a final judgment was rendered against her on a de-
fault. In the petition for an appeal it is averred, that the petitioner is acting
with the assistance of her husband; but the latter has not joined in the petition.
It no where appears that, at any stage of the cause, the husband has done any
act from which his authority to prosecute this appeal can be inferred.* The
law is express that a married woman can not stand in judgment, without the
authorisation of her husband or of the court. C. P. art. 106, 107, 118.   1 Rob.
230, 468.                                                    *Appeal dismissed.*

* 'On the day after the application was filed to dismiss this appeal, the counsel for the
appellant filed a statement, sworn to by him before a justice of the peace, that he had
been requested by the appellant to prosecute the appeal in this case, and that the husband
of the appellant, previously to the taking of the appeal, authorized the proceeding desired
by his wife.